WILBUR H. POWERS *vs.* JEROME F. MANNING.

SAME *vs.* SAME.

Suffolk.    March 12, 13, 1891. — September 5, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Promissory Note — Commencement of Action — Account annexed — Alabama
Claim — Commissioners' Fees — Practice — Attorney and Counsellor.*

An action may be brought upon a promissory note which by its terms is payable
"when the United States pays judgments" under §§ 5 and 8 of the U. S. St.
of June 5, 1882, upon the "Alabama Claims in the so called class 2 cases," if
the United States has in the main paid all judgments of the first class in full,
and over thirty-five per cent of the greater part of those of the second class,
and has substantially exhausted the fund.

A single charge for services by an attorney, in writing different letters upon the
same day and relating to the same subject matter, may be inserted in one item
of an account annexed.

Section 847 of the U. S. Rev. Sts. regulating "commissioners' fees" relates to the
commissioners appointed by the Circuit Courts of the United States under § 627,
and does not affect a private agreement between an attorney and a commis-
sioner appointed by the Court of Commissioners of Alabama Claims, providing
for a certain charge per day for taking depositions.

Instructions issued by the Court of Commissioners of Alabama Claims to commis-
sioners appointed and authorized to take testimony to be used in the trial of
causes pending therein, which were not put in evidence at the trial of an action
brought by such a commissioner for his services in such a cause, will not be
first received at the argument in this court of exceptions taken at such trial.

An attorney who, for good cause, but without the consent of the court or of his
client, withdraws from the conduct of a suit then upon the trial list, in which
his client has other counsel, is not thereby precluded from recovering for his
previous services in the suit.

TWO ACTIONS OF CONTRACT, by an attorney at law and com-
missioner of the Court of Commissioners of Alabama Claims, to
recover upon promissory notes and on an account annexed for
services rendered in connection with claims before that court.
At the trial without a jury, in the Superior Court, *Sherman,* J.
found for the plaintiff, and allowed a bill of exceptions in each
case, which, so far as material to the points decided, appear in
the opinion.

*J. F. Manning, pro se.*

*H. L. Boutwell,* (*N. Currier* with him,) for the plaintiff.

LATHROP, J. These are two actions of contract, tried in the Superior Court, without a jury. In each case the presiding justice found for the plaintiff; and the case comes before us on the defendant's exceptions.

The first count in the first case is on a promissory note, dated July 11, 1884, by the terms of which the defendant promised to pay the plaintiff the sum of $685, " when the United States pays judgments of the Court of Commissioners of Alabama Claims in the so called class 2 cases."

The defendant asked the court to rule that this note did not become due and payable until the United States had paid all such judgments in full, and that this action as to said note had been prematurely brought. The court refused so to rule, as it appeared at the trial that the United States had substantially paid all judgments of the first class in full, and had paid 35.22 per cent of the greater part of the judgments of the second class, and substantially exhausted the fund.

The Court of Commissioners of Alabama Claims was constituted by the U. S. St. of June 23, 1874, for the purpose of receiving and examining all claims admissible under the act resulting from damage caused by the Alabama and other designated Confederate cruisers. The claims allowed by this tribunal did not equal the amount of the award of the arbitrators appointed in pursuance of the Treaty of Washington between the United States and Great Britain, and which had been paid to the United States.

The Court of Commissioners of Alabama Claims having ceased to exist, Congress, by the act of June 5, 1882, re-established it for the term of two years. By § 4, it was authorized to receive and examine the claims mentioned in § 5, and to enter judgments for the amounts allowed therefor in two classes. Section 5 defines the claims of the two classes. Section 7 provides that the judgments rendered by the court under the act shall be paid by the Secretary of the Treasury out of the sum of money paid to the United States under the Treaty of Washington, and not appropriated to claims proved under preceding legislation. Section 8 provides that " judgments entered in the first class shall be paid before judgments of the second class are paid. If the sum of money so unappropriated shall be insufficient to pay

the judgments of the first class, they shall be paid according to the proportions which they severally bear to the whole amount of such unappropriated sum. If such sum shall be sufficient to pay the judgments of the first class and not sufficient to pay the judgments of the second class, the latter judgments shall be paid according to the proportions which they severally bear to the residue of such unappropriated sum after the judgments entered in the first class are paid." 22 U. S. Sts. at Large, 98.

Construing the condition contained in the note in suit, and the finding of the court in connection with the terms of this statute, we are of opinion that the ruling requested was rightly refused.

The award of the arbitrators was to the United States as a nation, and the fund was " to be distributed by Congress as it saw fit. . . . No individual claimant had, as a matter of strict legal or equitable right, any lien upon the fund awarded, nor was Congress under any legal or equitable obligation to pay any claim out of the proceeds of that fund." *Williams* v. *Heard*, 140 U. S. 529, 537, 538. When, therefore, the note in suit was made payable " when the United States pays judgments of the Court of Commissioners of Alabama claims in the so called class 2 cases," the parties to the note had reference to claims which could be enforced only under the terms of the statute, which were to be paid out of a specific fund, in subordination to cases of the first class, and which were in a certain contingency to be paid proportionally.

The remaining exception in the first case may be briefly disposed of. The second count is on an account annexed, which contained over twenty items. The defendant objected to several of these items on the ground that the plaintiff sought in each of them to recover for services in several different matters, and the defendant asked the court to rule that the plaintiff could recover for but one matter of charge under each of said items, and also asked the court to rule that there could be no recovery on any of said items. The court found upon the evidence, as a fact, that the different matters mentioned in each of said items constituted one item of charge upon the same subject matter; and refused to give the rulings requested. One of these items is as follows: " 1885, Dec. 8. To letter to Payson & Speer, and two page letter to Brigham, $3."

If these letters related to the same subject matter, we are unable to see why one charge might not be made, and why, being so charged, they could not be inserted in one item. The other items are similar, and fall within the same rule.

The case of *Jones* v. *Ilsley*, 1 Allen, 273, on which the defendant relies, is clearly distinguishable. The defendant in that case filed a declaration in set-off, one item of which was as follows : " To goods sold, materials found, and work done, $100." At the hearing before an auditor, the defendant introduced evidence of several distinct matters of charge under said item. At the trial this item was disallowed. In delivering the opinion of this court, Chapman, J. said : " The item in the account in set-off, ' To goods sold, materials found, and work done, $100,' should not have been entirely rejected. In many cases, all these particulars may enter into a single item of charge. And any single thing of which that item gives reasonable notice might have been proved. But it appears that the auditor allowed the defendant to prove several particulars, with the various prices of the same, under this single item. This was erroneous. Under a single item of his bill, the defendant should have been limited to the proof of a single article."

In the second case, one of the counts was on an account annexed, in which the plaintiff sought to recover on an oral agreement made between himself and the defendant, by which the defendant promised to pay him at the rate of twenty dollars a day for every business day in which he was engaged in taking depositions, as a commissioner appointed by the Court of Commissioners of Alabama Claims, for the defendant. Other counts were upon promissory notes, the consideration of which was services rendered as such commissioner and as an attorney.

The charges for such services are found by the court not to conform, either in form or amount, to the provisions of the U. S. Rev. Sts. § 847. The defendant asked the court to rule " that the plaintiff, as commissioner of the Court of Commissioners of Alabama claims, was a public officer ; that the fees to which he was entitled for services as such commissioner were regulated by the Revised Statutes of the United States, § 847 ; and that he can recover no more fees than those prescribed in the said section, even though the defendant expressly agreed to pay him

more ; and also that, having made a special contract in reference to his fees, which is opposed to public policy, the plaintiff cannot recover on a *quantum meruit.*" The court refused so to rule, and found for the plaintiff.

Section 847 of the U. S. Rev. Sts. is entitled " Commissioners' Fees," and prescribes what are the legal fees of such persons. Section 823 of the same chapter provides : " The following and no other compensation shall be taxed and allowed to attorneys, solicitors, and proctors in the courts of the United States, to district attorneys, clerks of the Circuit and District Courts, marshals, commissioners, . . . except in cases otherwise expressly provided by law. But nothing herein shall be construed to prohibit attorneys, solicitors, and proctors from charging to and receiving from their clients, other than the government, such reasonable compensation for their services, in addition to the taxable costs, as may be in accordance with general usage in their respective States, or may be agreed upon between the parties."

The commissioners mentioned in the above sections are undoubtedly the commissioners authorized by § 627 of the U. S. Rev. Sts. to be appointed by each Circuit Court. This was expressly so decided by Judge Choate in *Sedgwick* v. *Grinnell,* 10 Bened. 6, and is apparent from a consideration of all the provisions of the chapter. Thus, by § 846, the accounts of " commissioners of Circuit Courts " are required to be examined and certified by the district judge of the district for which they are appointed. The fees which are allowed them by § 847 are for services imposed upon commissioners of the Circuit Court by other sections of the Revised Statutes.

We are of opinion, therefore, that the fees of the plaintiff, as commissioner, are not regulated by the U. S. Rev. Sts. § 847. It is accordingly unnecessary to determine whether the words, in § 823, " the following and no other compensation shall be taxed and allowed to . . . commissioners," refer to anything more than the costs which may be taxed for their services, or to their claims against the government of the United States when acting in a judicial or ministerial capacity, and prevent them from making a contract for services on such terms as may be agreed upon.

At the argument in this court, the defendant produced a certified copy of certain instructions which, on June 5, 1883, the Court of Commissioners of Alabama Claims directed its clerk to issue " to commissioners appointed and authorized to take testimony to be used in the trial of causes pending before it." We declined to receive this copy, being of the opinion that, if the instructions had any bearing upon the question of the power of the parties to make the alleged contract for fees, they should have been put in evidence at the trial of the case. We see no reason to change our views.

The plaintiff also seeks to recover, on an account annexed, for services rendered to the defendant, as an attorney and counsellor at law in the courts of this Commonwealth, and in the Circuit Court of the United States for the District of Massachusetts.

The plaintiff testified that he withdrew from the defendant's service as attorney and counsellor at law on February 2, 1886, and on that day gave the defendant and all his opponents notice in writing of his withdrawal; that the case of Amy against Manning was then upon the trial list; that Charles Cowley, Esq. also appeared for the defendant; and that such withdrawal was without the consent of the court or of this defendant. The defendant asked the court to rule that the plaintiff was not entitled to recover in this action for any services performed by him in defending the action of Amy against Manning in this court, because he withdrew therefrom before the trial thereof, without the consent of the defendant or of the court; also that the same rule of law applied to all actions pending where the defendant was a party and the plaintiff was his counsel, when the plaintiff withdrew therefrom. The judge found from the evidence that the conduct of said Manning was such that the plaintiff was fully justified in withdrawing from said suits, and that said Manning had other counsel, and suffered no damage on account of said withdrawals; and declined to give the rulings requested.

The defendant relies, in support of his proposition that an attorney cannot withdraw his appearance for a party without leave of court, upon the case of *United States* v. *Curry*, 6 How. 106, where language to this effect is used by Chief Justice Taney. The point decided in that case was that the citation or notice of an appeal might be served upon the attorney of record

of the appellees, while his name remained upon the docket of the court below, although he had in fact been discharged by his clients. The remark of the Chief Justice is not to be taken as the statement of a general principle, apart from the question before the court. That it was not so intended is shown by the context. The entire quotation is as follows: "So, too, as to the service of the citation on the attorney. It is undoubtedly good, and according to the established practice in courts of chancery. No attorney or solicitor can withdraw his name, after he has once entered it on the record, without the leave of the court. And, while his name continues there, the adverse party has a right to treat him as the authorized attorney or solicitor, and the service of notice upon him is as valid as if served on the party himself." See also *De la Pole* v. *Dick*, 29 Ch. D. 351; 3d Common Law Rule of this Court; 23d Equity Rule.

No case has been called to our attention which holds that, as between an attorney and his client, leave of court is required before a contract between them can be ended.

It is stated in 1 Tidd Pr. (9th ed.) 86, that "when an attorney once appears, or undertakes to be attorney for another, he shall not be permitted to withdraw himself; and it is said to be his duty to proceed in the suit, although his client neglect to bring him money," citing 1 Sid. 31. This, however, is not the law of England or of this country to-day.

The question was thoroughly considered in England in the case of *Vansándau* v. *Browne*, 9 Bing. 402, and it was held that an attorney might, for reasonable cause and upon reasonable notice, abandon the conduct of a case, and recover his fees. In regard to the case in Siderfin, Tindal, C. J. said: "Now, in the report in Siderfin, no facts are stated to explain the decision of the court. It may be, probably was the fact, that the attorney on the very day of the assizes deserted the conduct of the cause, giving his client neither time nor opportunity to obtain other professional assistance: if so, the decision of the court was proper." See also *Rowson* v. *Earle*, Mood. & Malk. 538; *Wadsworth* v. *Marshall*, 2 Cr. & J. 665; *Whitehead* v. *Lord*, 7 Exch. 691; *Harris* v. *Osbourn*, 2 Cr. & M. 629.

In *Eliot* v. *Lawton*, 7 Allen, 274, it was held, in accordance with the English decisions, that the contract of an attorney with

his client was an entire and continuous contract, and that the statute of limitations did not begin to run until the final service was performed. In answer to the objection, that, by holding the service to be entire, the attorney would be precluded from enforcing any claim for services until the final termination of the suit, Mr. Justice Dewey, in delivering the opinion of the court, said: " To this it has been answered that such would be the effect if nothing has occurred to change the relation of the parties and their duties to each other; but from the nature of this contract it may be terminated previous to the termination of the suit, for a good and sufficient cause, and upon reasonable notice. Hence it has been holden that failure to supply reasonable funds, or any other substantial cause for not further proceeding in the case, would justify the attorney in withdrawing from it, and in such a case a present right to enforce his claim for past services would arise, and of course also from that period the statute of limitations would commence running."

In *Rush* v. *Cavenaugh*, 2 Penn. St. 187, which was an action for slander, the plaintiff, an attorney, collected a sum of money for the defendant, and retained it for his fees. The defendant thereupon called him a thief, robber, and cheat. One question raised was whether the plaintiff, who had been employed by the defendant to prosecute a person criminally, was entitled to any fees, having abandoned the prosecution. It was held that, if he were satisfied of the innocence of the accused, he was entitled to abandon the prosecution, and recover compensation; and that he was not, to quote the language of Gibson, C. J., " bound to give credence to the instructions of a heated client, rather than to the sober testimony of a dispassionate witness."

In *Tenney* v. *Berger*, 93 N. Y. 524, it was held that the employment by the client, without the consent of his attorney, of counsel against whom the attorney had personal and professional objections, and with whom he was unwilling to be associated, was a justifiable cause for his withdrawal from a case; and that, upon reasonable notice of such withdrawal, he was entitled to recover for services rendered.

In the case at bar, we are of opinion that, on the facts found, the presiding judge rightly refused to rule as requested by the defendant.

The only remaining exception relates to a promissory note payable "when the United States pays judgments of the Court of Commissioners of Alabama Claims." This is disposed of by the conclusion we have reached on a similar question in the first case.

The result is, that in each case the order must be,

*Exceptions overruled.*