CHAMBERS v. GILMORE.

(Circuit Court of Appeals, Ninth Circuit. February 5, 1912.)

No. 1,983.

ATTORNEY AND CLIENT (§ 134*)—WITHDRAWAL FROM CASE BY ATTORNEY—FEES.

Unless an attorney has made an agreement to conduct litigation to its conclusion for a reasonable compensation, to be thereafter determined, he has a right, at the beginning of the litigation, or pending the same, to demand an understanding and an agreement as to his compensation, and for the refusal of the client to entertain his demand he may upon reasonable notice abandon the conduct of the case, and thereafter recover his fees.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 301–304; Dec. Dig. § 134.*]

In Error to the District Court of the United States for the Second Division of the District of Alaska.

Action by William W. Gilmore against J. J. Chambers. Judgment for plaintiff, and defendant brings error. Affirmed.

The defendant in error brought an action against the plaintiff in error to recover for legal services rendered between June 1, 1907, and March 10, 1910. He alleged that those services had been performed by him in prosecuting and defending divers actions at law and suits in equity with reference to the recovery of the possession of an undivided one-half interest in the Bon Voyage placer claim, and that they were reasonably worth $12,500, and that only $1,000 had been paid him. The plaintiff in error answered that the employment in all the suits referred to was an entirety, and that the defendant in error was employed to recover the possession of a one-half interest in the mining claim, with damages for withholding the same, and that he agreed to put the plaintiff in error in possession of said property and collect the damages, and that he was to be paid out of the proceeds of the property or the money recovered, and not otherwise; that his right to payment was contingent upon the completion of the contract of employment in its entirety; that he was not to be paid until possession and damages had been recovered; that he was to render such services in connection with C. D. Murane, who was already engaged in the litigation; that it was agreed that the plaintiff in error should pay said Murane and the defendant in error $5,000 of which $3,000 was to go to Murane, and $2,000 to defendant in error; and that none thereof should become due until the successful termination of the action. The answer further alleged that the defendant in error willfully abandoned the employment of the plaintiff in error, and refused to render any legal services whatever under the contract of employment, and that said abandonment of the employment worked serious injury to the plaintiff in error. The cause was tried before a jury, and a verdict was returned for the defendant in error for $8,000, upon which judgment was rendered.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Kerr & McCord, George B. Grigsby, and William Lair Hill, for plaintiff in error.

Albert H. Elliott and Clarence E. Todd, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). As to the main facts in the case, the testimony was conflicting. The defendant in error testified that there was no agreement as to the amount of the compensation, and that he and Murane were to be paid a reasonable fee. The plaintiff in error testified that the understanding was that the fee of both the attorneys was contingent upon success in the litigation; that, if he succeeded, they were to receive $5,000, $3,000 to Murane and $2,000 to the defendant in error. Murane, some months later, obtained a written contract for his fees, of which the defendant in error was not aware. That contract, signed by the plaintiff in error, admitted an indebtedness of $5,000 to Murane, to be paid out of a judgment for $20,441 which had been rendered in favor of the plaintiff in error, and against one Edie. It appears that, after the defendant in error was employed, the litigation in which he was engaged resulted in a large number of other suits and actions, all affecting more or less directly the interest of the plaintiff in error in the Bon Voyage mining claim, and in all of which he appeared and rendered services, and that this other litigation was not in contemplation when the original contract of employment was made. The defendant in error testified that in a conversation with the plaintiff in error in May, 1909, while the cases were still pending, the latter informed him that he had a written contract with Murane for the payment of $5,000 for Murane's services; that the defendant in error then said to him, in substance, that, if Murane received $5,000, he, the defendant in error, ought to receive $10,000, for he had done the most of the work, and he testified that the plaintiff in error made no answer to that suggestion, and that from such failure to answer he received the impression that his suggestion was agreed to, but that later he found that the plaintiff in error did not assent thereto; and that, after vainly trying to arrive at an understanding with the plaintiff in error as to fees, he withdrew from the cases in which he had appeared.

Error is assigned to certain remarks of the court during the progress of the trial when the defendant in error was asked:

"Q. You quit his employment when he would not make an agreement for $10,000? A. I did when he fired me.

"Mr. Grigsby: Well, I think the jury will have to pass on that.

"The Court: It is utterly immaterial. He had a right to quit if the man would not make a bargain."

The language of the court is to be judged in the light of the testimony which had been adduced. It had been shown that some two years after the litigation began the plaintiff in error asked the defendant in error what his fees would be, and the answer was $10,000. Both parties testified that the plaintiff in error did not agree or disagree. But the defendant in error, on finding that the plaintiff in

error had not agreed and would make no agreement, testified that he abandoned the litigation. In view of that testimony, the conclusion of law embodied in the remarks of the court was justified. The plaintiff in error contends that, where an attorney undertakes litigation without a contract as to his fees, he has no right thereafter to demand of his client a new contract, and that if he does, and such contract is entered into, it will not be binding upon the client. That proposition cannot be sustained. It is only where an attorney has at the beginning or after the commencement of the litigation an express contract as to the amount of his fee that he is forbidden to demand a new contract, even if the work proves to be more arduous and extensive than he anticipated. In such a case, if he does demand a new contract, and, on refusal thereof, he abandons the litigation, it may be held that he forfeits all compensation for his services. But that is not the kind of case which is referred to in the remarks of the court. Those remarks referred to a case where no contract has been made, and, after valuable services have been rendered, the client refuses to make one. The court said "He had a right to quit if the man would not make a bargain," not that he had a right to quit if the man would not make a new bargain. The court in instructing the jury directed their attention to the issues, and to the conflict of testimony as to whether there was or was not an express understanding as to compensation at the beginning of the litigation, and directed them to find from the evidence whether there was a specific agreement that the defendant in error was to receive $2,000 for all the legal services he was to perform, or whether he was employed without any special bargain or agreement as to his compensation. The court said:

"The law does not permit the attorney, simply because he may ascertain that the professional services to be rendered or work to be done, although comprehended in the contract, is more arduous or more involved than he had contemplated, to thereafter refuse to proceed unless his client will make some additional or other contract with him, and, if he does so refuse to proceed for such reason, he cannot recover even for the services he had already performed, and if, from a preponderance of the evidence, you find such to be the fact in this case, your verdict should be squarely for the defendant."

Unless an attorney has made an agreement to conduct litigation to its conclusion for a reasonable compensation, to be thereafter determined, he has a right, at the beginning of the litigation, or pending the same, to demand an understanding and an agreement as to his compensation, and, for the refusal of the client to entertain his demand, he may, upon reasonable notice, abandon the conduct of a case and thereafter recover his fees. Gleason v. Clark, 9 Cow. (N. Y.) 57; Vansandau v. Browne, 9 Bing. 420; Powers v. Manning, 154 Mass. 370. 28 N. E. 290, 13 L. R. A. 258; Avery v. Jacob, 15 N. Y. Supp. 564.[1]

Error is assigned to the refusal of the court to strike out certain testimony given by the defendant in error offered as tending to prove

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 59 N. Y. Super. Ct. 585.

the value of the services rendered by him. It was shown that on an execution issued on a judgment obtained through his services certain property was sold at a marshal's sale, and was bought in by the plaintiff in error for the sum of $2,000, which sum was credited on the judgment. It is now contended that the court allowed the defendant in error to prove, in addition to the $2,000 so recovered, the total prospective benefit which would probably accrue to his client from the property so obtained, and that this was error for the reason that said property was subject to redemption. We do not find that the record sustains this contention. The court admitted proof of the receipt of certain royalties amounting to seven or eight hundred dollars, upon the property so bought in upon execution, but it was also distinctly proven that the property was subject to redemption. In addition to this, we do not find in the record that the plaintiff in error excepted to the refusal of the court to strike out the testimony.

We find no error. The judgment is affirmed.