OLIVAR ET AL., PETITIONERS AND RESPONDENTS, *v.* ANDINO ET AL., CONTESTANTS AND APPELLANTS.

APPEAL from the District Court of San Juan, Section 2, in Dominion Title Proceedings.

MOTION by Respondent to Dismiss the Appeal for Failure of Appellant to File a Brief.

No. 1083.—Decided December 18, 1914.

ATTORNEY — WITHDRAWAL OF ATTORNEY — NOTICE TO CLIENTS AND ADVERSE PARTY.—The withdrawal of an attorney from a case before this court without showing that he has served notice of such withdrawal on his clients and on the adverse party is irregular.

ID.—DISMISSAL OF APPEAL—NOTICE OF MOTION.—When, as in the case at bar, the attorney for the appellant withdraws from the case and there is nothing in the record to show that he has served notice of such withdrawal on his client or the respondent, the attorney for the latter is justified under such circumstances in serving the said attorney with a notice of motion for dismissal of the appeal.

NOTICE OF MOTION—DEATH OF ONE OF APPELLANTS.—In moving for a dismissal of the appeal against all the appellants when one of them has died, it is necessary to ascertain who are the real heirs or successors of the deceased party and serve notice of said motion on them. To this end an affidavit presented by any person to the effect that he had served notice of the motion on two persons as successors of the deceased will not suffice.

The facts are stated in the opinion.

*Mr. Francisco Socorro* for the respondents.

The appellants did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

An application for a dominion title was pending in the District Court of San Juan. Domingo Andino, Agustina Cepeda and María Ayala appeared and opposed the granting of the certificate. The certificate or judgment being granted, the said Domingo Andino and the others, on June 18, 1913, appealed to this court. On February 9, 1914, the attorneys of record of the appellants appeared and presented a writ-

ing withdrawing from the case. It does not appear of record that the withdrawal was in any way communicated to the appellants. On May 2, 1914, the respondents moved to dismiss the appeal for lack of a brief. In the affidavit accompanying the motion it appeared that the respondents had not been able to notify Agustina Cepeda of the motion because of her death, and this court refused to grant the motion because it did not appear that any steps had been taken in the case by reason of her death.

On October 28, 1914, the respondents renewed their motion for dismissal on the ground of the failure of the appellants to file a brief. Accompanying the motion was an affidavit made by Antonio Guardiola who served two of the appellants with the notice of the motion and in the said affidavit swore that he had served the notice on Eladio Cepeda and Luis Escuté as successors of Agustin Cepeda.

A great part of the difficulty that exists in this case arises from the irregular action of the attorneys for the appellants. They simply withdrew their appearance without in any way showing this court that they had notified their clients or their adversaries. We do not find it advisable in this opinion to point out what is the proper practice for attorneys before withdrawing from a case in this court or whether the permission of the court is necessary as some of the authorities seem to indicate. 4 Cyc., 955; 3 Am. & Eng. Ency. of Law, 410. Suffice it to say, that on the state of the record the attorneys for the respondents would have been justified in notifying their motion to the attorneys who had originally appeared. 4 Cyc., 955; 3 Am. & Eng. Ency. of Law, 410. However, the respondents did not follow the course indicated but elected to notify the appellants themselves. It should be noticed that while the appellant who has died appears to be Agustina Cepeda, yet the second motion for dimissal is directed against Agustín Cepeda, and Antonio Guardiola

swears that Eladio Cepeda and Luís Escuté are the suscessors of Agustín Cepeda. In other words, the court has no knowledge that anybody purporting to be the successors of Agustina Cepeda has ever been notified of this motion.

When it is desired to notify the successors in interest of a deceased appellant the affidavit of anybody whatsoever is not sufficient to accredit who are such successors. The persons named may not have the necessary legal interest and the affidavit may contain a conclusion of law. In some cases it is the administrator who has the legal interest. In other cases it is the heir. The court must be put in a position to know that the person cited represents the dead person.

In this case the respondents have attempted to dismiss against all the appellants. Hence it was necessary to notify them all. In case one of them was dead, proper steps to dismiss the appeal should be taken. It has been held that when an appellant dies the duty of reviving the case in the name of the dead person devolved upon the party who desired to take the next step. 4 Am. & Eng. Ency. of Law & Pract., 112; *Raine* v. *State Bank*, 4 Gratt. (Va.), 150; *Powers* v. *Manning*, 154 Mass., 376. We shall not decide that it was necessary to revive the appeal in this case, but we do insist that before the appeal can be dismissed some steps are needed to advise the successors in interest of Agustina Cepeda and that they be notified of the motion requesting the dismissal of the appeal. The motion to dismiss must be overruled.

*Motion overruled.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.