Olivar et al., Peticionarios y Apelados, *v.* Andino et al.,
Opositores y Apelantes.

Apelación procedente de la Corte de Distrito de San Juan,
Sección 2ª. en un expediente de dominio.

Moción de la parte apelada para que se desestime la apelación
por no haber radicado su alegato la parte apelante.

No. 1083.—Resuelto en diciembre 18, 1914.

Abogados—Renuncia de la Representación de su Cliente—Notificación a sus Clientes y a la Parte Contraria.—La renuncia hecha por un abogado de la representación de su cliente ante este tribunal, sin demostrar que ha notificado dicha renuncia a sus clientes y a la parte contraria es irregular.

Desestimación de Apelación—Notificación de la Moción—Fallecimiento de la Parte Apelante.—Cuando, como en el caso de autos, el abogado de la parte apelante renuncia la representación de su cliente sin que conste de los autos que ha notificado dicha renuncia a su cliente o a la parte apelada, el abogado de esta parte estaría justificado bajo tales circunstancias en notificar una moción de desestimación de la apelación a dicha abogado.

Id.—Notificación de la Moción—Fallecimiento de uno de los Apelantes.—Cuando se pide la desestimación de la apelación contra todos los apelantes y uno de estos ha fallecido, es necesario practicar gestiones para llegar al conocimiento de quienes son los verdaderos herederos o sucesores de la parte fallecida y notificarles dicha moción; no siendo suficiente para este fin, la declaración jurada presentada por una persona cualquiera alegando haber notificado la moción a dos personas como sucesores del difunto.

Los hechos están expresados en la opinión.
Abogado de los apelados: *Sr. Francisco Socorro.*
Los apelantes no comparecieron.

El Juez Asociado Sr. Wolf emitió la opinión del tribunal.

En este caso se encontraba pendiente una petición sobre información de dominio en la Corte de Distrito de San Juan. Domingo Andino, Agustina Cepeda y María Ayala comparecieron y se opusieron a que fuera declarada con lugar dicha información. Habiéndose expedido el certificado o resolución de la corte por el cual se declaraba justificado dicho dominio, el mencionado Domingo Andino y los demás interpusieron apelación contra la resolución para ante este tribunal el día 18 de junio de 1913. En 9 de febrero de 1914, comparecieron

los abogados de récord de los apelantes y presentaron un escrito renunciando su representación en el caso. No consta de los autos que dicha renuncia hubiera sido notificada en forma alguna a los apelantes. En 2 de mayo de 1914, los apelados presentaron una moción para desestimar la apelación por no haberse archivado el alegato  Según el *affidavit* que fué acompañado a la moción los apelados no habían podido notificar la moción a Agustina Cepeda por haber fallecido, habiendo declarado sin lugar este tribunal la referida moción por no aparecer que se hubieran hecho las gestiones procedentes en el caso con motivo de tal fallecimiento.

En 28 de octubre, 1914, reprodujeron los apelados su moción por el fundamento de haber dejado de presentar su alegato los apelantes. Se acompañó un *affidavit* a la moción, suscrito por Antonio Guardiola que fué quien notificó dicha moción a dos de los apelantes en cuyo *affidavit* el declarante juró que había notificado la moción a Eladio Cepeda y a Luis Escuté como sucesores de Agustín Cepeda.

Gran parte de la dificultad que presenta este caso se debe al proceder irregular de los abogados de los apelantes. Ellos simplemente renunciaron su representación sin haber acreditado en forma alguna ante este tribunal que habían notificado dicha renuncia a sus clientes o a sus contrarios. No creemos conveniente expresar en esta opinión cuál es el procedimiento adecuado que deben observar los abogados antes de renunciar su representación en un caso en este tribunal o si es necesario obtener permiso del tribunal según parece ser ser el criterio de algunas de las autoridades. 4 Cyc., 955; 3 Am. & Eng. Ency. of Law, 410. Es bastante con indicar que según el estado de los autos los abogados de los apelados hubieran estado justificados en notificar su moción a los abogados que habían hecho su comparecencia primeramente. 4 Cyc., 955; 3 Am. & Eng. Ency. of Law, 410. Sin embargo, los apelados no siguieron el método indicado sino que prefirieron hacer la notificación a los mismos apelantes. Debe notarse que si bien parece que el apelante fallecido era Agustina Ce-

peda la segunda moción de desestimación se dirige, no obstante, contra Agustín Cepeda y Antonio Guardiola jura que Eladio Cepeda y Luís Escuté son los sucesores de Agustín Cepeda. En otras palabras, a la corte no le consta que en ninguna ocasión haya sido notificada alguna persona que pueda ser sucesora de Agustina Cepeda.

Cuando se trata de hacer una notificación a los causahabientes de un apelante fallecido no es suficiente el *affidavit* de cualquier persona para acreditar quienes sean estos sucesores. Puede ser que las personas mencionadas no tengan el interés legal necesario o que el *affidavit* contenga alguna conclusión legal. En algunos casos es el administrador el interesado legalmente. En otros lo es el heredero. Debe darse a la corte la oportunidad de saber que la persona notificada es el representante del fallecido.

En el presente caso los apelados han tratado de obtener que se desestime la apelación contra todos los apelantes. Por consiguiente era necesario que todos hubieran sido notificados. En caso de que uno de ellos hubiera fallecido debieron tomarse las medidas adecuadas para desestimar la apelación. Se ha resuelto que cuando un apelante falleciere, el deber de restablecer el caso a nombre del fallecido corresponde a la parte que deseaba practicar la inmediata gestión. 4 Am. & Eng. Encyc. of Law & Pract., 112; *Raine* v. *Bank of Virginia*, 4 Gratt. (Va.), 150; *Powers* v. *Manning*, 154 Mass., 376. No resolveremos que fué necesario restablecer la apelación en este caso, pero insistimos en que antes de que pueda ser desestimada la apelación es necesario hacer ciertas gestiones con el fin de notificar a los sucesores legítimos de Agustina Cepeda y que éstos sean notificados de la moción de desestimación. La moción debe desestimarse.

*Denegada la moción.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.