(No. 13643.—Judgment affirmed.)

ANNA DALY, Admx. Appellant, vs. THE CITY OF CHICAGO
et al. Appellees.

*Opinion filed December 21, 1920.*

1. PRACTICE—*when the court is not authorized to issue an alias summons.* Under section 4 of the Practice act, when an original summons is returned not served by the sheriff the court may order successive writs until service is had, but where a plaintiff, after filing a *præcipe* and securing a summons, keeps the summons for more than four years without delivering it to the sheriff to be served, the court is not authorized to issue an alias summons without satisfactory explanation of the delay, and if issued it may be quashed on motion under a limited appearance. (*Schroeder* v. *Merchants and Mechanics Ins. Co.* 104 Ill. 71, distinguished.)

2. SAME—*when suit may be dismissed on motion for delay in prosecution.* Courts have the inherent power, in the interest of justice, to dismiss suits for want of prosecution, and where a plaintiff, after filing a *præcipe* and securing a summons, retains the summons without any excuse for more than four years without delivering it to the sheriff to be served and then serves the defendants with an alias summons, the suit may be dismissed, on motion of the defendants, under a limited appearance.

3. SAME—*the court may amend record by aid of memoranda to show correct order.* On motion of the defendants and by aid of proper memoranda the court may amend the record of an order dismissing the suit to show that the order of dismissal was entered as to all the defendants instead of as to one of them, alone, as written up by the clerk.

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.

ROBERT F. MUNSELL, for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, and WILLIAM H. DEVENISH, City Attorney, (ROBERT H. FARRELL, of counsel,) for appellee the city of Chicago.

JUDAH, WILLARD, WOLF & REICHMANN, for appellee the Chisholm, Boyd & White Company.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the superior court of Cook county quashing an alias summons and the sheriff's return and dismissing the suit.

Daniel Daly filed a *præcipe* in an action on the case against the Chisholm, Boyd & White Company, a corporation, (hereafter called the Chisholm Company,) and the city of Chicago, on March 10, 1914, and a summons was issued the same day. It appears never to have been delivered to the sheriff, was never served on defendants and was not returned by the sheriff. No declaration was then filed. August 2, 1918, the summons appears to have been presented to the presiding judge of the superior court. He indorsed thereon, "Let alias summons issue," and signed his name. Alias summons thereupon issued returnable to the September term and was served on one defendant August 5 and on the other defendant August 6. A declaration of two counts was filed August 6, which alleged the city of Chicago had control of Fifty-seventh street, in said city; that it permitted the Chisholm Company, which maintained a building at Wallace and Fifty-seventh streets, to maintain a driveway across the sidewalk on said street which led into the Chisholm Company's premises; that defendants negligently permitted an unsafe temporary structure there and an excavation two and one-half feet below the level of the sidewalk, rendering it dangerous to pedestrians, and that while walking over said temporary structure it gave way, fell and injured plaintiff. On the 28th of August, 1918, the Chisholm Company entered its limited appearance for the purpose of making a motion to dismiss the suit for failure to file a declaration and for want of prosecution. The motion was continued "for hearing and final disposi-

tion." The city of Chicago entered a limited appearance September 3, 1918, for the purpose of moving to quash the alias writ. November 9 the Chisholm Company asked and was granted leave to withdraw its former limited appearance and motion and enter a limited appearance for the sole and only purpose of moving to quash the alias summons and return of the sheriff and to dismiss the suit as to it. The motion assigned numerous grounds and was supported by affidavits. The court quashed the alias summons and dismissed the suit at the plaintiff's costs. January 13, 1919, on motion of both defendants to correct the order entered November 9, the court entered an order finding the record of the previous order as written by the clerk was incorrect and that the order entered was a dismissal of the suit as to both defendants. Plaintiff prosecuted an appeal to the Appellate Court for the First District. That court affirmed the judgment, granted a certificate of importance, and the administratrix of the plaintiff's estate has prosecuted this appeal to this court.

Two principal questions involved for decision are: Did the court err in quashing the alias summons and sheriff's return? Did the court err in dismissing the suit?

The original summons, issued March 10, 1914, never was delivered to the sheriff, but the record warrants the inference that if it was delivered to anyone it was to the plaintiff or his attorney, who kept it until August 2, 1918, then presented it to the court without any return to it having been made, and, without showing any reason why the writ had not been delivered to the sheriff or why it had been held so long, secured an alias writ. By section 1 of the Practice act the first process was a summons directed to the sheriff and made returnable the first day of the next term. By the second section it is made the duty of the sheriff, when practicable, to serve the writ ten days before the first day of the return term and return the writ to the clerk with the indorsement of service. Section 4 provides:

"Whenever it shall appear, by the return of the sheriff or coroner, that the defendant is not found, the clerk shall, at the request of the plaintiff, issue another summons or *capias,* as the case may be, and so on until service is had." It is very clear the clerk would have had no authority on the mere request of the plaintiff to issue the alias writ, and this was apparently recognized by plaintiff in procuring the indorsement of the court on the original summons directing that an alias writ issue.

Appellant contends that under the powers conferred by statute on courts to issue necessary writs and processes, as well as under its common law powers, the court was authorized to issue the alias summons. It is undoubtedly true that when an original summons is returned by the sheriff not served, the court may order successive writs until service is had. But that is not the question presented here. We must assume from this record that when the original summons was issued it was delivered to the plaintiff, who without any reason or excuse kept it four and one-half years, and at the end of that time presented it without any indorsement thereon, and without any explanation asked and secured an alias. We are referred to no precedent directly in point on the question, but the mere statement of the question, it seems to us, presents a situation that should not be tolerated. To permit a plaintiff who begins a suit to himself take possession of the summons and keep it substantially four and a half years, presumptively for the purpose of preventing the defendant from getting knowledge of the suit until such time as it suits the plaintiff's purpose for him to know it, seems to us palpably wrong and should not be permitted. At all events, after the long delay the court should have required an explanation justifying it, to authorize the issuing of the alias writ. The only provision of our statute defining when an alias summons may issue is section 4 of the Practice act. We think, under the circumstances of the case, neither our statute on courts nor

our Practice act gave the court authority to issue the writ, and it was properly quashed when the court was advised of all the facts and circumstances.

Appellant places much reliance on *Schroeder* v. *Merchants and Mechanics Ins. Co.* 104 Ill. 71. That was an action on an insurance policy which contained a clause providing no action should be maintained unless begun within twelve months after the loss occurred. Plaintiff filed a *præcipe*, the case was docketed, and summons issued within the twelve months. The clerk delivered the summons to plaintiff's attorney, who failed to deliver it to the officer for service. At the return term the attorney handed the original summons to the clerk and directed him to issue another summons returnable to the next term, which the clerk did, and it was delivered to the sheriff, duly served and returned. The question whether the alias summons was lawfully issued was not raised in that case. Defendant pleaded the general issue, and by special plea raised the question whether the suit was to be considered as begun before the alias was issued, which was more than twelve months after the loss occurred. The court said the single question raised was whether the suing out of the first summons was the commencement of the suit, or whether the suit was not begun until the second summons was issued, placed in the hands of the sheriff and served. It was held the suit was begun when the original summons was issued, that it was pending at the return term, and under the statute stood continued until the next term. The question of the clerk's authority to issue the alias writ under the facts disclosed was not referred to and appears not to have been raised. The defendant entered its general appearance and pleaded to the merits. Here the question is raised on a motion under a limited appearance and the question directly presented for decision whether the alias summons was properly issued. We feel compelled to hold it was not, and that the court properly quashed it. In *Johnson* v. *Mead,*

58 Mich. 67, the court held it was absolutely necessary that the writ should be returned and filed before it could be continued by issuing an alias writ. In *White* v. *Superior Court,* 126 Cal. 245, it was held the court had no power to issue an alias summons where the original had not been served or returned and more than four years had elapsed since it was issued. The superior court of Pennsylvania held, where the original summons was not served and no alias was issued for more than seven years, the defense of *laches* was available. *In re O'Neill's Estate,* 29 Pa. Super. Ct. 415.

Did the court err in dismissing the suit? We are referred to no case in point in this State. The question seems to be one of policy, and in determining it we must consider not only the parties to the suit and their rights, but we must consider also that the rule we lay down in this case will also apply, under similar circumstances, to other cases in the future. The question appears to be one of some importance in its application to the future as well as in this case.

Affidavits filed in support of the motion to dismiss show, and it is undisputed, that the Chisholm Company's place of business occupied a block between Fifty-sixth and Fifty-seventh streets, immediately west of Wallace street; that when the original summons was issued, and during all the time afterwards, it was continuously engaged in business at said location; that its office was on Fifty-seventh street and was continuously open for business; that the plaintiff lived within about one block of the office, and he and Flood, the president of the Chisholm Company, were personally acquainted and frequently met on the street and spoke to each other; that plaintiff knew where the place of business and office of the Chisholm Company were and that it could be found at all times during business hours. Of course, the plaintiff knew the city of Chicago could be found and served at any time. No explanation or excuse for plaintiff's action in failing to deliver the summons to the sheriff, or to apply for another writ, or to file a declaration, until four

and one-half years had expired, is offered. We must assume that his acts in this regard were. influenced by considerations of his own purposes and convenience. It does not appear that the Chisholm Company had any knowledge that the *præcipe* had been filed and summons issued until it was served with the alias summons. Plaintiff caused a notice, as required by the statute, to be served on the city of Chicago of his injury and of the time when and place where it occurred and that he was about to bring suit for damages, but it does not appear the city had any notice of the filing of the *præcipe* and issuing of the summons until it was served by the alias summons. Conceding the court acquired jurisdiction of the plaintiff and of the subject matter when the *præcipe* was filed and summons issued, it never acquired jurisdiction of defendants before the issuing of the alias writ. Would the jurisdiction of the plaintiff and of the subject matter continue indefinitely while the plaintiff held the original summons and for years made no effort to get another summons or secure service on the defendants, who were at all times in the jurisdiction of the court and known to be within the jurisdiction by the plaintiff? It has been held in some jurisdictions that if a chasm in the proceeding occurs by failing to renew process from term to term until service is had it operates as a discontinuance, and in other jurisdictions it is held the issuance of alias and pluries writs is a matter of due diligence, and unless such time is suffered to elapse as to amount to *laches* there will be no discontinuance. (32 Cyc. 445.) In *Hazlehurst* v. *Morris*, 28 Md. 67, the court said: "We do not find any authority for such a practice but are of opinion that such a one ought not to be tolerated. Plaintiffs might lie by for years and then bring defendants into court after their witnesses were dead or their proofs lost or destroyed and obtain judgments against them upon claims not founded in justice and the practice be thus used as a means of injustice and oppression. This court could not sanction such

a practice so fraught with mischief unless it were so long and so clearly established as to have the force of positive law."

It is difficult to imagine a stronger case of *laches* or neglect to prosecute a suit than is here presented. It cannot be denied that such a long lapse of time is well calculated to place a defendant at a serious disadvantage in making his defense. Witnesses may die or remove, the memory become impaired and temporary conditions change or be forgotten. Courts have the inherent power in the interest of justice to dismiss suits for want of prosecution, (14 Cyc. 443; *Sanitary District* v. *Chapin*, 226 Ill. 499;) and we see no reason why a defendant may not enter a limited appearance and without waiving the question of jurisdiction move that the suit be dismissed. In this case, under its peculiar facts, we are of opinion public policy and the promotion of justice will not permit a plaintiff in a suit to dally with and prolong it as was here attempted. Such conduct justifies a discontinuance of the case, and the court did not err in dismissing the suit.

Appellant contends the Chisholm Company appeared generally and thereby submitted itself to the jurisdiction of the court. If that is a vital question the record does not sustain appellant. The appearance was limited and special for a particular purpose.

It is further contended the court erred in amending the record of November 9, 1918, by the order of January 13, 1919. It appears from the record and order amending the former order that the correction was not made, alone, from the court's memory or affidavits as to what the order and judgment of November 9 were, but the court was aided by memoranda, and that the amendments merely made the order as amended what the court's order was November 9 but which the clerk wrote up incorrectly.

In our opinion the judgment of the Appellate Court was right, and it is affirmed.        *Judgment affirmed.*