## HICKS v. BEKINS MOVING & STORAGE CO. et al.

### Nos. 9510, 9511.

Circuit Court of Appeals, Ninth Circuit.

Nov. 18, 1940.

Matthew W. Hill, of Seattle, Wash., for appellant.

Day Karr, Payne Karr, and Howard Tuttle, all of Seattle, Wash., for appellee Bekins Moving & Storage Co.

George Vanderveer, Samuel B. Bassett, and John Geisness, all of Seattle, Wash., for appellees other than Bekins Moving & Storage Co.

Before WILBUR, GARRECHT, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

January 22, 1936, T. M. B. Hicks, Jr., the appellant herein filed a complaint in the court below, naming as defendants the present appellees. Following the disposition of sundry demurrers, motions, etc., an amended complaint was filed to which demurrers were also interposed upon the grounds that the plaintiff lacked legal capacity to sue as to one cause of action; that the two causes of action were improperly joined; and that the complaint failed to state a cause of action. The plaintiff refused to plead further and the action was dismissed, with prejudice. He appealed to this court, which reversed the trial court and remanded the case, "with directions to overrule the demurrers to the amended complaint and to each count thereof." 9 Cir., 87 F.2d 583, 586.

The mandate of this court was filed in the District Court February 23, 1937. On May 14, 1937, the court below entered its order overruling demurrers and reinstating the case and on the same day made an order requiring a Bill of Particulars, which was thereupon filed by the plaintiff. Bekins Moving & Storage Company filed its answer to the amended complaint on June 15, 1937; the answer of all the other defendants had been filed on the preceding day. On the 24th of June the plaintiff filed motions to strike or elect, and demurrers to affirmative defense in each answer. The motions were denied and the demurrers overruled. In any event, on October 22, 1937, the plaintiff filed a reply to the answer of Bekins, and a reply to the answer of the other defendants.

Thereafter, no action was taken by the plaintiff although the case was called for assignment fourteen (14) times between December 20, 1937, and August 14, 1939, a period of approximately twenty months. On September 11, 1939, the case was again called for assignment and there was no response. Again, on September 25, 1939, on another calling of the calendar, the assignment was passed. October 23, 1939, an order was entered for assignment November 7, 1939. The clerk of the court, by letter dated October 31, 1939, notified counsel of record that the case would be called for dismissal for want of prosecution under the local Rule 48, on November 7, 1939, and on said date, no one appearing for plaintiff, an order of dismissal was entered. Rule 48 of the Rules of Practice of the District Court of the United States for the Western District of Washington, reads, in part, as follows: "Provided further, that all cases which have been pending in this Court for more than one year without any proceeding of record having been taken may be dismissed by the Court on its own motion for want of prosecution, at the call of the calendar at the beginning of each term."

On November 15, 1939, present counsel for appellant filed a notice of Substitution of Attorneys, advising that he had been substituted as counsel for plaintiff. On the same day he filed a Motion for Reinstatement of the cause, with affidavit in support thereof. The affidavit set forth that the firm of attorneys which had commenced and prosecuted the action for the plaintiff had been dissolved; that the senior member of the firm had died; that the second member of the firm had removed from the State of Washington to California; and that the third and remaining member of said firm, after a prolonged illness, had retired from the practice of the law. The affidavit went on to state that the affiant had been corresponding for a period of "almost eight

months" with the attorney who had removed to California "concerning the possibility of affiant acting as attorney for the plaintiff"; that the substitution of attorneys was signed November 1, 1939; that the said substitution had not been filed on November 7, 1939, and the affiant was not notified the cause was on the calendar for dismissal. Other affidavits, both for and against the motion were filed, in one of which counsel for appellant said he advised the original counsel for plaintiff, when they entered upon correspondence relative to the case, "that he would have the case watched," and that there was someone present each time the case was called during the period prior to his assuming the position of attorney for plaintiff, except on the date the case was dismissed. The motion for reinstatement came on for hearing and was denied November 27, 1939.

A motion to vacate the order of dismissal was also presented, and affidavits in support thereof were filed. This motion also was denied.

The plaintiff appeals, in No. 9511, from the order of dismissal and the refusal of the court to reinstate the case and, in No. 9510, from the order denying plaintiff's motion to vacate the order of dismissal.

Fundamentally, but two questions are presented: (1) Did the lower court have the power to enter such an order of dismissal; and (2) if so, was there an abuse of discretion.

The District Courts of the United States were empowered by Revised Statutes, § 918, 28 U.S.C.A. § 731, to make rules and orders, "and otherwise regulate their own practice as may be necessary or convenient for the advancement of justice and the prevention of delays in proceedings." Authority exercised within the scope of the statute is unquestionably valid; rules so promulgated have the force of law and are as binding upon appellate courts as a statute. Galveston Dry Dock & Const. Co. v. Standard Dredging Co., 2 Cir., 40 F.2d 442, 444. Rule 83 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c (48 Stat. 1064, 28 U.S.C.A. § 723b), provides that "Each district court by action of a majority of the judges thereof may from time to time make and amend rules governing its practice not inconsistent with" said Rules of Civil Procedure, and provides that copies of such district court rules and amendments shall upon promulgation be furnished to the Supreme Court of the United States. Rule 83 concludes, "In all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules." We have held that "Rule 41 of the Federal Rules of Civil Procedure governs dismissal of actions and subdivision (b) permits a defendant to move for dismissal of an action for failure of the plaintiff to prosecute."* This rule does not specifically provide that a court may dismiss, of its own motion, for failure to prosecute, but apparently does not limit dismissals to those instances enumerated therein for it says, "any dismissal not provided for in this rule, * * *." Under Rule 83, therefore, it would appear that a district court has the power to provide for dismissal of causes for lack of prosecution by the court of its own motion.

Mr. George Longsdorf, in his Cyclopedia of Federal Procedure, vol. 5, § 1506, p. 80, says that: "It is the settled rule in the federal courts that an action at law may be dismissed for want of prosecution or other delay fatal to the continuance of the action. Dismissal on such ground is discretionary with the courts, and within their inherent power, independent of statute or rule. In many of the districts, however, the matter is regulated by local rules, or general or standing orders applying to all cases in which no action has been taken for a specified period." The same thought is expressed in 18 C.J. § 110, pp. 1191, 1192; and in 17 Am.Jur. § 57, p. 88. Blackstone recognized the right of a court to enter a non-prosequitur in the event of failure of the plaintiff to prosecute his action (Blackstone Comm., Book III, ch. 20, p. 296, ch. 27, p. 451), as does Black on Judgments, 2d Ed., vol. II, § 702, p. 1057, and Freeman on Judgments, 5th Ed., vol. 1, § 9, p. 16, vol. 2, § 9, p. 16, vol. 2, § 751, p. 1579.

The statements of the text writers are, of course, drawn from the decisions of the courts. The District Court of the United States for the District of Colorado had a rule similar to that of the court below providing for dismissal for want of prosecution and entered an order of dismissal pursuant to the rule. An appeal followed, and the Circuit Court of Appeals for the Eighth Circuit said: "This is a very proper rule, but in the absence of such a rule, every

---

*Carnegie Nat. Bank v. City of Wolf Point, 9 Cir., 110 F.2d 569, 572.

court has the power to dismiss a cause for want of prosecution. It is a matter of judicial discretion, and is frequently exercised." Colorado Eastern Ry. Co. v. Union Pac. Ry. Co., 8 Cir., 94 F. 312, 313. See also Johnston v. Standard Mining Co., 148 U.S. 360, 370, 13 S.Ct. 585, 37 L.Ed. 480; Homer v. Brown, 16 How. 354, 57 U.S. 354, 364, 365, 14 L.Ed. 970; Patting v. Spring Valley Coal Co., 7 Cir., 98 F. 811, 812. The same rule prevails in the State of Washington (Langford v. Murphey, 30 Wash. 499, 500, 70 P. 1112), California (Inderbitzen v. Lane Hospital, 17 Cal.App.2d 103, 106, 61 P.2d 514; Lieb v. Lager, 9 Cal.App.2d 324, 326, 49 P.2d 886; Philips v. Santa Ana Times et al., 18 Cal.App.2d 280, 282, 63 P.2d 838, 839), Illinois (Wainwright v. McDonough et al., 290 Ill.App. 50, 7 N.E.2d 915, 916; Daly v. City of Chicago, 295 Ill. 276, 129 N.E. 139, 142), and New York (Farber v. Broadco Holding Corp., 256 App.Div. 833, 9 N.Y.S.2d 253; Gellman v. Coulawtas et al., 253 App.Div. 910, 2 N.Y.S.2d 176).

This power to dismiss for want of prosecution may be exercised by the court of its own motion, though no action to secure such result be taken by the defendant. Redfield v. Ystalyfera Iron Co., 110 U.S. 174, 176, 3 S.Ct. 570, 28 L.Ed. 109; Dillon v. United States, 9 Cir., 29 F.2d 246; Taylor v. Southern Ry. Co., D.C.Ill., 6 F.Supp. 259. Moreover, an order of dismissal may be granted, notwithstanding the plaintiff has been stirred into action by the impending dismissal, for subsequent diligence is no excuse for past negligence. Holtzoff v. Dodge & Olcott Co., 134 App. Div. 353, 119 N.Y.S. 47, 49. Cf. Buck v. Felder, D.C.Tenn., 208 F. 474, 477.

"The duty rests upon the plaintiff at every stage of the proceeding to use diligence and to expedite his case to a final determination, and unless it is made to appear that there has been a gross abuse of discretion on the part of the trial court in dismissing an action for lack of prosecution its decision will not be disturbed on appeal."

Inderbitzen v. Lane Hospital, supra [17 Cal.App.2d 103, 61 P.2d 516]. See also Congdon v. Aumiller, 79 Wash. 616, 621, 140 P. 912. We do not find here any abuse of discretion on the part of the court below in dismissing the cause, for the record shows that the cause had been called sixteen times before being set for dismissal and the present counsel had been corresponding with the original counsel, relative to assuming the duties of attorney for plaintiff, for a period of almost eight months, during which time the former was having the case "watched," apparently without disclosure to the court which was calling the case and receiving no response. It was not necessary for the defendants to show specific impairment of their defense, because the law will presume injury from unreasonable delay. Bernays v. Frederic Leyland & Co., D.C.Mass., 228 F. 913, 914; Gray v. Times-Mirror Co., 11 Cal.App. 155, 163, 104 P. 481.

On the attempted appeal from the order of the court below denying plaintiff's motion to vacate the order of dismissal, it is to be observed that, save in certain instances or exceptions not now material, this court has the jurisdiction to review only final decisions. 28 U.S.C.A. § 225. An order of dismissal is a final judgment from which an appeal will lie. Colorado Eastern Ry. Co. v. Union Pac. Ry. Co., supra; Wilson v. Republic Iron & Steel Co. et al., 257 U.S. 92, 96, 42 S.Ct. 35, 66 L.Ed. 144. But an order denying a motion to vacate an order of dismissal is not such a final order, for it is "The general rule is that no appeal will lie from an order denying a motion to vacate or modify a judgment, decree, or order. [Cases cited.]" Republic Supply Co. of Calif. v. Richfield Oil Co. of Calif., 9 Cir., 74 F.2d 909, 910. See also Bensen v. United States, 9 Cir., 93 F.2d 749. In the circumstances, therefore, we have no alternative but to dismiss the appeal in No. 9510.

The appeal in No. 9510 is dismissed.

The order appealed from in No. 9511 is affirmed