ALBERT E. BROWN, Respondent, *v.* STEAMSHIP TERMINAL OPERATING CORPORATION et al., Appellants.

84

(Argued March 7, 1935; decided April 16, 1935.)

*Paul Austin Crouch* and *Andrew McGray* for Steamship Terminal Operating Corporation, appellant.

*F. A. W. Ireland* for Mercur Corporation, appellant.

*Dominic B. Griffin, Robert L. Callahan* and *Joseph J. Reiher* for respondent.

CRANE, Ch. J. At the Port of Newark, New Jersey, there is a long dock and certain warehouses owned by the United States government and leased to the Mercur Corporation. That corporation operated the warehouses. It is a domestic corporation. The Steamship Terminal Operating Corporation, known as " S. T. O.," is a foreign corporation, created under the laws of the State of Delaware, authorized to do business in the State of New York. It was engaged in the work of loading and unloading ships and lighters at the dock; in other words, it was the stevedore. These are the two defendants in this case.

The plaintiff, Albert E. Brown, was employed by R. Markey & Sons, of New York, weighers of sugar. His work took him on the docks. On the 28th day of November, 1928, as the plaintiff was walking along the dock in front of the warehouses going to his work, he was struck and badly injured by a car or automobile truck, being a Ford car reconstructed in the form of a truck. This Ford was being driven by one Louis Fernandez, who had in the car with him one Edwin Hoffman, a superintendent or employee of the Mercur Corporation. Plaintiff sued both defendants, as being liable for the acts of the driver, and recovered a large verdict against both. The judge set it aside as to the Steamship Terminal Operating Corporation, but on appeal the verdict was reinstated, so that both defendants are before this court as appellants.

The case was submitted to the jury under a practice which we have criticized in *Bergman* v. *Scottish Union & National Ins. Co.* (264 N. Y. 205). (See, however, Civ. Prac. Act, § 459, as amd. by Laws of 1934, ch. 522.) The judge submitted seven questions to the jury, but failed to ask them for a general verdict and none was given in this case. Judgment was entered by his

direction as against the Mercur Corporation, and by the Appellate Division, as to the Steamship Terminal Operating Corporation.

In his charge to the jury the trial judge said as to question 2:

" By whom was the operator of the truck employed at the time of the accident?

" Your answer will be the Steamship Terminal Operating Corporation or the Mercur Corporation, one or the other, for the proof does not admit that both of them were employing him at the same time."

" Question 4. Was the automobile at the time of the accident being operated in the furtherance of the business of the Mercur Corporation?

" And your answer will be yes or no."

The questions and answers given were as follows:

" Question 1. Has the plaintiff established that the defendant Steamship Terminal Operating Corporation was the owner of the automobile at the time of the accident?

" Answer: No.

" Question 2. By whom was the operator of the truck employed at the time of the accident?

" Answer: The Steamship Terminal Operating Corporation.

" Question 3. Was the automobile at the time of the accident being operated in the furtherance of the business of the Steamship Terminal Operating Corporation?

" Answer: Yes.

" Question 4. Was the automobile at the time of the accident being operated in the furtherance of the business of the Mercur Corporation?

" Answer: Yes.

" Question 5. Did the Steamship Terminal Operating Corporation permit, consent to, acquiesce in, and countenance the use of said automobile in its business?

" Answer: Yes.

"Question 6. Did the Mercur Corporation permit, consent to, acquiesce in, and countenance the use of said automobile in its business?

"Answer: Yes.

"Question 7. What damage did the plaintiff sustain?

"Answer: $12,500."

Upon these questions and answers alone the judge should not have entered judgment against the Mercur Corporation. The only thing the jury found against that corporation was that it permitted the use of the automobile in its business. It did not own the automobile, nor was the driver its employee. So the jury found. Liability, therefore, is placed entirely upon the ground that the automobile was used in its business with its consent. We know of no such law that makes one liable because the servant of another may use a car or a truck in his business. There must always be established a relationship of *respondeat superior*, or that of master and servant.

Many instrumentalities are used in the furtherance of a man's business without his being liable for their use. One may engage an automobile owned and operated by another for personal or business use without being liable for the acts of the driver. So likewise with trucks or dredging machines or moving equipment. Therefore, we have nothing in the findings of the jury in this case to sustain a judgment against the Mercur Corporation.

As to the Steamship Terminal Operating Corporation, the following request was made, which seems to bear directly upon liability: "I respectfully ask your Honor to charge the jury that if the car was not owned by the Steamship Terminal Operating Corporation and was being used without the knowledge or consent of that corporation and by persons not in its employment, the verdict must be for the defendant Steamship Terminal Operating Corporation irrespective of whether or not it was about to be used in furtherance of the business of

said corporation." This request was refused, and the defendant excepted.

It is difficult to see how a defendant could be liable for the operation of an automobile not owned by it nor in the control of its employee, and being used without its knowledge or consent in the furtherance of its business. As stated before, liability arises out of the relationship through agency or that of employer and employee. The request assumes that no such relationship was established between the defendant Steamship Corporation and the driver of the car.

We must go a step further and consider the evidence to ascertain whether there be any proof of negligence by employees to hold these defendants. Sugar was being taken from the stores across the dock to the steamship. The work was being done by the stevedoring Steamship Terminal Operating Corporation. The Mercur Corporation was the custodian of the sugar in the storehouse, and used rope slings in hoisting up and down the bags of sugar. These slings were kept by both of these defendant corporations in their respective storerooms.

On the day in question the Steamship Terminal Operating Corporation was proceeding with this work, transferring sugar to the ship. The plaintiff proved this much; also that one Louis Fernandez was driving a Ford truck, accompanied by Hoffman, an employee of the warehouse men. What evidence is there to show that Fernandez was in the employ of the Steamship Terminal Operating Corporation or the Mercur Corporation?

The truck had on it the letters " S. T. O.," the initials of the Steamship Terminal Operating Corporation, and the words " Gear Room." There was no evidence to show that the truck was owned by the corporation or used by its direction in its business. A witness, McLear, called by the defendant, says that he bought the car in 1927 for seventy dollars and sold it to one W. F. Bradley for twenty dollars. Bradley was an employee of the

Steamship Terminal Operating Corporation. He used the car more or less as a personal convenience, possibly in the business of the defendant, with its acquiescence. The car had no license. All that the plaintiff has to connect it with the defendant's steamship corporation are the letters " S. T. O." and the words " Gear Room." The jury found, in reply to question No. 1, that the corporation was not the owner of the automobile. This would make little or no difference if Louis Fernandez, the driver, was an employee of the defendant Terminal Corporation, using the car with its knowledge and consent in its business. The plaintiff, however, on the evidence now before us, has failed to establish this.

Hoffman says that Fernandez was employed by the Mercur Corporation and paid by that corporation; that when he was employed by the Terminal Corporation he was paid for the work he did. There appears to be some haze about this relationship. Certainly Fernandez was employed by one or the other, and although the Mercur Corporation, through Hoffman, seems to have assumed responsibility for his acts, yet it is open to the plaintiff to prove otherwise if he has the evidence. We feel that upon the present trial this evidence is lacking.

There are, therefore, three reasons why the appeal of these defendants must be sustained and the judgment reversed: one, the failure of the findings to support a verdict against the Mercur Corporation; two, error in the refusal of the Terminal Corporation's request to charge; three, the failure of the evidence to show any relationship of master and servant between Louis Fernandez and the Terminal Corporation.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted as to both defendants, with costs to abide the event.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur; CROUCH, J., not sitting.

Judgments reversed, etc.