PHYLLIS LOCASTO, an Infant, by MARY LOCASTO, Her Guardian ad Litem, MARY LOCASTO and SALVATORE LOCASTO, Appellants, v. MANNING, BOWMAN & Co. and JOHN SWEETLAND, Respondents, Impleaded with JAMES TAYLOR, Defendant.

First Department, May 7, 1937.

*Harry Hartman* of counsel [*Morris Levy* with him on the brief; *Monahan, McAuliffe & Carney,* attorneys], for the appellants.

*August P. Klein* of counsel [*Desmond T. Barry* and *Edward A. Shandell* with him on the brief; *Bacon & Tippett,* attorneys], for the respondent Manning, Bowman & Co.

PER CURIAM. We are of the opinion that the trial court erred in refusing to permit plaintiffs to offer evidence of the circumstances surrounding the use of the automobile in the business of the corporate defendant after the latter had rebutted the presumption of control by producing evidence that it was not in fact the owner of the automobile. The proof excluded was offered for the purpose of showing that the defendant James Taylor was an employee of the corporate defendant, using the car in the business of the corporate defendant under its direction and with its knowledge and consent. (*Brown* v. *Steamship Terminal Operating Corp.,* 267 N. Y. 83, 90.) If plaintiff can establish the relationship of *respondeat superior* between Taylor and the corporate defendant at the time of the occurrence of the accident, Taylor's negligence in permitting the defendant Sweetland to drive the car negligently might make the corporate defendant liable. (*Arcara* v. *Moresse,* 258 N. Y. 211; *Grant* v. *Knepper,* 245 id. 158.)

We are also of the view that the verdicts in favor of plaintiffs and against the defaulting defendant should be set aside.

The judgment against all defendants should be reversed and a new trial granted, with costs to the appellants to abide the event.

Present — MARTIN, P. J., GLENNON, UNTERMYER, DORE and COHN, JJ.

Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.