Harold E. Fisher and Maurice L. Buell, Copartners, Doing Business under the Firm Name and Style of American Carbonic Engineering Co., Respondents, v. Lillian H. Goetschius, Also Known as Lillian Goetschius, Appellant, and Others, Defendants.— Order denying motion for an order canceling a stipulation of settlement and all orders made thereon, to vacate a judgment of foreclosure and sale and to restore the action to the calendar for trial, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ., concur.

Bernard Gellman, Respondent, v. Nick Coulawtas and Anthony Kandanes, Appellants.— Order denying motion to dismiss an action for failure to prosecute, on conditions, reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, without costs. In our opinion, a delay of well over two years after joinder of issue, during which time a cause of action has not been noticed for trial, and without any excuse therefor, requires dismissal. Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ., concur.

Anna Graham, Appellant, v. Eugene W. Denton, as Executor, etc., of Ella Frances Kirby, Deceased, Respondent.— Action in equity to compel the executor of the decedent, Kirby, to satisfy and discharge a mortgage on plaintiff's property pursuant to an instrument made by the deceased on April 29, 1933. The defendant asserted in his answer that the instrument was unsupported by any consideration and was unenforcible, and sought its cancellation. Judgment for the defendant canceling the instrument unanimously affirmed, with costs. There was no proof of fraud or undue influence but there was adequate proof that the instrument relied on by plaintiff was without consideration; that is, the affirmative evidence overcame the presumption of consideration arising from the recital of alleged consideration in the instrument. There being no consideration, the instrument was unenforcible. (Dougherty v. Salt, 227 N. Y. 200, 202.) There was no claim of gift. The claim, based on gift cases, that declarations of the decedent after the making of the instrument were inadmissible if inconsistent with the fact of gift, and that such testimony was erroneously received, may not be sustained, for the reason that substantially the same testimony was elsewhere adduced to establish admissions of the plaintiff that she had no right to retain the instrument in question and claimed no rights thereunder. The error, therefore, if any, was not prejudicial. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Close, JJ.

Albert Hebeler, Jr., Doing Business as Hebeler Motor Company, Appellant, v. Adam Richtscheid, Sr., Respondent.— In an action for goods sold and delivered, order denying plaintiff's motion for summary judgment affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ., concur.