HENRIETTA DUNNE, Plaintiff, *v.* PETER CONTENTI and THE JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Defendants.*

Supreme Court, Special Term, Westchester County, March 19, 1938.

* Compare 254 App. Div. 26.

*Wallace & Wallace*, for the plaintiff.

*Nathan A. Friedman*, for the defendant Peter Contenti.

*Chauncey L. Grant*, for the defendant John Hancock Mutual Life Insurance Company.

NOLAN, J.   This action was brought by plaintiff to recover for personal injuries sustained by her when struck by an automobile owned and operated by the defendant Contenti.

In plaintiff's complaint it was alleged that at the time of the accident the defendant Contenti was employed by the corporate defendant, and was about the business of such defendant, and was using his automobile in and for the business of the corporate defendant.   These allegations were not denied.

An allegation that the automobile was, at the time of the accident, under the control of the defendant John Hancock Company was denied, but that defendant did not deny a further allegation that at the time of the accident the defendant Contenti was " an agent in the operation of said automobile on behalf of the defendant John Hancock Company."

On the trial, after the defendant Contenti had testified as to the nature of his employment and the manner of performance of his duties, the defendant insurance company was permitted, over the objection of plaintiff, to amend its answer, by adding a denial of the allegation that Contenti was acting as the agent of the company in the operation of the automobile.

There was testimony to the effect that there was a written contract of employment in effect at the time of the accident, but it was not produced. Contenti testified that he was employed by the company, collecting insurance premiums and selling insurance, and that his collecting was done in what was known as a " debit area," about a half mile square, situated in the city of Yonkers, and that there was no territorial limit to his selling activities within the State. He further testified that he received a salary for making collections, and, in addition thereto, commissions for selling insurance. He received from the company a weekly debit book and visited the addresses therein set forth during the week, but apparently chose his own time and selected his own routes in making the calls. He was not required to work any stated number of hours per day. He used his own automobile in his work, and testified that no contribution was made by the company toward its upkeep. He further testified that he was not required to use the automobile in his employment, but that the local manager of the company knew he had a car and used it, and that an inspector of the company frequently rode with him in the car while he was transacting company business.

At the time of the accident he was not accompanied by any other representative of the company, but was driving his automobile outside the " debit area " for the purpose of delivering a policy which he had sold, and collecting the first premium.

At the conclusion of the trial, decision was reserved on motions made by the defendant John Hancock Company to dismiss the complaint, and for a directed verdict, and the case was submitted to the jury on the theory that the doctrine of *respondeat superior* should be applied. A verdict was returned as against both defendants.

The question here to be determined is whether, on the facts shown, the defendant Contenti was acting as an agent or employee of the defendant John Hancock Company, in the sense that the relation, as created, would invoke the doctrine of *respondeat superior*. Plaintiff urges that under the pleadings, the defendant insurance company has admitted a relationship which requires the application of that doctrine. It is true that it has admitted that Contenti was employed by the company and was about the business of the company and using his automobile in such business at the time of the accident. The company, however, denied control and did not admit, nor was it alleged, that at the time of the accident, *in the driving of the automobile,* Contenti was acting within the scope of his employment.

The general rule is that a person injured by the negligence of another must seek his remedy against the person who caused the injury, and against that person alone. The case of master and servant is an exception to the rule, and the negligence of the servant, while acting within the scope of his employment, is imputable to the master. The doctrine of *respondeat superior* applies, however, only when the relation of master and servant is shown to exist between the wrongdoer and the person sought to be charged with the result of the wrong, at the time of, and with respect to, the very transaction out of which the injury arose. Beyond the scope of his employment, the servant is as much a stranger to his master as any third person, and his act cannot be regarded as the act of the master. (*Higgins* v. *Western Union Telegraph Co.*, 156 N. Y. 75; *Baker* v. *Allen & Arnink Auto Renting Co.*, 231 id. 8.)

I am of the opinion that the defendant John Hancock Company was not precluded, by the admissions in the pleadings, even though the amendment to the answer had not been permitted, from contending that in the operation of his automobile, Contenti was not the servant of the company, or that he was not acting within the scope of his employment. (*Wesolowski* v. *John Hancock Mut. Life Ins. Co.*, 308 Penn. St. 117; 162 A. 166.) The distinction between the admissions found here, and an admission that the employee, at the time of the accident, was acting within the scope of his employment, was pointed out in *Loper* v. *P. G. Publishing Co.* (312 Penn. St. 580; 169 A. 374).

On the question here involved, namely, the application of the doctrine of *respondeat superior* to the facts here disclosed, no decision of our appellate courts has been called to the attention of the court, which is directly in point. An examination of decisions in other jurisdictions discloses a decided conflict of authority. In *American National Insurance Co.* v. *Denke* (128 Tex. 229; 95 S. W. [2d] 370) the facts were quite similar to those in the instant case. In that case the court cited the rule, set forth in the Restatement of the Law of Agency, American Law Institute (§ 250), as follows: "A principal is not liable for physical harm caused by the negligent physical conduct of an agent, who is not a servant, during the performance of the principal's business, unless the act was done in the manner directed or authorized by the principal or the result was one intended or authorized by the principal. * * * 'A principal employing another to achieve a result but not controlling nor having the right to control the details of his physical movements is not responsible for incidental negligence while such person is conducting the authorized transaction. * * * It is only when to the relationship of principal and agent there is added that

right to control physical details as to the manner of performance which is characteristic of the relationship of master and servant, that the person in whose service the act is done becomes subject to liability for the physical conduct of the actor.' " (See, also, Restatement of Law of Agency, § 239, comment B, p. 540: " In the absence of evidence that A owes P any duty of obedience in the details of operating the automobile, such driving is not within the scope of employment.")

This rule has been applied in other jurisdictions to facts similar to those described here. (*Wesolowski* v. *John Hancock Mut. Life Ins. Co.*, 308 Penn. St. 117; 162 A. 166; *Heinrich* v. *Pictorial Review Co., Inc.*, 326 Penn. St. 470; 192 A. 645; *Hutchins* v. *John Hancock Mut. Life Ins. Co.*, —— N. H. ——; 192 A. 498; *Pyyny* v. *Loose-Wiles Biscuit Co.*, 253 Mass. 574; 149 N. E. 541; *Khoury* v. *Edison Electric Illuminating Co.*, 265 Mass. 236; 164 N. E. 77; *Wescott* v. *Henshaw Motor Co. and Young*, 275 Mass. 82; 175 N. E. 153; *Neece* v. *Lee*, 129 Neb. 561; 262 N. W. 1.) In these and many similar decisions the application of the rule of *respondeat superior* is held to depend on whether or not the defendant had the right to control, *in the given particular*, the conduct of the person doing the wrong. This rule has found considerable support in the decisions of this State. (*Fritz* v. *Krasne*, 273 N. Y. 649; *Haykl* v. *Dress*, 247 App. Div. 90; *Sudowski* v. *Toledo Scale Co.*, 243 id. 553; *Malloy* v. *Scott*, 248 id. 882; 275 N. Y. 496; *Schwindt* v. *Thompson*, 249 App. Div. 639.) In none of these cases are the facts disclosed entirely similar to those in the instant case, and the decisions apparently turn on the question of the relationship of the parties. In all these cases, however, the reasoning employed in arriving at the conclusion stated appears to have been similar to that employed in the decisions of other jurisdictions hereinbefore cited, and the element of control, as to the instrumentality used at the time of the accident, appears to have been considered as of paramount importance.

*Brown* v. *Steamship Terminal Operating Corp.* (267 N. Y. 83) may be readily distinguished from the cases hereinbefore referred to. In that case the employee was hired to drive the truck which caused the accident, and there could have been no question as to the right of the corporate defendant to control his operation of the truck had employment by that defendant been established. A review of the authorities cited, and others, leads to the conclusion that the corporate defendant may not be held liable, in this case, whether it be decided that Contenti was a servant, an agent or employee, unless it has been established that there existed some right, on the part of the corporate defendant, to control his move-

ments with respect to the use of his automobile. The actual exercise of the right is not essential. The question of liability depends on the existence of the right. The evidence in this case does not establish the existence of such right, and as to the defendant John Hancock Mutual Life Insurance Company, the complaint must be dismissed. Since evidence is available, however, as to the terms of employment, which should be decisive upon the question involved, the dismissal should be without prejudice.

Motion to dismiss complaint by defendant John Hancock Mutual Life Insurance Company, at end of entire case, granted, without prejudice and without costs. Motion by same defendant to set aside verdict granted. Motion for directed verdict by same defendant denied. Settle order on notice.