HENRIETTA DUNNE, Appellant, v. PETER CONTENTI, Defendant, and JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Respondent.— In an action to recover damages for personal injuries sustained by plaintiff as the result of the negligent operation of an automobile by defendant Contenti, the complaint alleged that at the time of the accident Contenti was employed by the defendant John Hancock Mutual Life Insurance Company, and using the automobile in and for the business of the company; that the automobile was under the control and about the business of the company and that Contenti was an agent in the operation of the automobile on behalf of the company. At the close of the case the court reserved decision on the company's motion to dismiss and submitted the case to the jury, which rendered a verdict in favor of the plaintiff against both defendants. Subsequently the court set aside the verdict against the company and dismissed the complaint as against that defendant, and judgment was entered accordingly. Order, in so far as it sets aside the verdict in favor of the plaintiff and against the defendant company and dismisses the complaint, without prejudice, against the company, and the judgment entered thereon, unanimously affirmed, with costs. The proof shows that Contenti owned the automobile and he alone paid for its maintenance and upkeep; and even though the defendant company knew he used it in and for his work, he was not required to use it and was free to choose his own hours of work. The company neither gave nor reserved the right to give Contenti any directions with reference to the manner in which he was to do his work, nor did it control or direct the operation of the automobile. At the time of the accident Contenti was an independent contractor and not the servant of the company. (*Fritz* v. *Krasne,* 273 N. Y. 649, affg. 248 App. Div. 573; *Malloy* v. *Scott,* Id. 882; affd., 275 N. Y. 496; *Sudowski* v. *Toledo Scale Company,* 243 App. Div. 553; *Howitt* v. *Hopkins,* 219 id. 653.) Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ. [167 Misc. 925.]

FRANCES FARBER, Respondent, v. BROADCO HOLDING CORPORATION, Appellant. — Order denying, conditionally, defendant's motion to dismiss the complaint for failure to prosecute reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, without costs. The delay of well over two years after joinder of issue, during which time the cause of action was not noticed for trial, with no reasonable excuse offered for the delay, requires dismissal. Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ., concur.