Robert J. Harter, an Infant, by Augusta R. Manchester, His Guardian ad Litem, Respondent, v. Richardson Corporation, Appellant, and Howard F. Harter, Defendant.— Order affirmed, with ten dollars costs and disbursements. Memorandum: In view of the fact that the infant-plaintiff's father was the owner and operator of the automobile in which the four-year-old infant-plaintiff, accompanied by his mother, was riding at the time of the accident, both parents being in the employ of the defendant, the plaintiff will be required to establish on the trial that, at the time of the accident, the automobile was being used in the course of defendant's business with its knowledge or consent (*Haykl* v. *Drees*, 247 App. Div. 90; appeal dismissed; 272 N. Y. 577; *Brown* v. *Steamship Terminal Operating Corp.*, 267 N. Y. 83; *Rosenberg* v. *Syracuse Newspapers, Inc.*, 248 App. Div. 294 and cases cited) and that defendant either expressly or impliedly con-

sented to plaintiff's presence therein. (*Rolfe* v. *Hewitt*, 227 N. Y. 486.) Since plaintiff's notice of taking defendant's testimony, by deposition of its managing agents, limits the matters — upon which such persons are to be examined — to these foregoing essential elements of plaintiff's cause of action, defendant's motion to vacate the notice was properly denied. All concur. (The order denies a motion to vacate plaintiff's notice of examination before trial in an automobile negligence action.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.