ALBERT ROSENBERG, Respondent, v. PUBNICO REALTY CORPORATION, Appellant. — Order granting motion to dismiss an action for failure to prosecute modified by striking therefrom the words " unless the plaintiff causes the case to be placed on the calendar for the December, 1939, term of this court for trial, and pays the sum of Ten Dollars ($10) costs to the defendant;" and, as thus modified, the order is affirmed, with ten dollars costs and disbursements to the appellant. (*Farber* v. *Broadco Holding Corp.*, 256 App. Div. 833; *Gellman* v. *Coulawtas*, 253 id. 910; *Wheeler* v. *Duell*, 230 id. 392.) Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.

SARAH E. VAN AMBURGH, as Administratrix with the Will Annexed, etc., of GEORGE A. VAN AMBURGH, Deceased, Respondent, v. WILBUR ADAMS, Appellant. —Action to recover damages for injuries resulting in the death of plaintiff's husband as the result of a collision between a car owned and driven by such decedent and one driven by the defendant, and for property damage to the automobile of the deceased, wherein it is alleged that the collision was occasioned solely by reason of the defendant's negligence. Judgment for plaintiff affirmed, with costs. No opinion. Lazansky, P. J., Hagarty, Carswell and Close, JJ., concur; Johnston, J. (dissenting): I dissent and vote to reverse the judgment and grant a new trial. The finding of the jury, implicit in the verdict, that the decedent was not guilty of contributory negligence is against the weight of the evidence.

THERESA ZIOLA, an Infant, by JOHN ZIOLA, Her Guardian ad Litem, and JOHN ZIOLA, Respondents, v. ETHEL CANTOR, Appellant, and FRANK DALTON, Defendant.— Order of the City Court of Yonkers denying the motion of the appellant's attorneys for an order relieving them from a notice of appearance interposed on behalf of the defendant Frank Dalton, and to vacate and set aside the notice of appearance, reversed on the law and the facts, without costs, and motion granted, without costs and without prejudice to the proceedings already had. There is no reason apparent to us why the plaintiffs-respondents should oppose this relief. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.