MAMIE C. BROWN and LAVERNE C. BROWN, Appellants, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Respondent, MILDRED FEFFER and MOE FEFFER, Defendants.— In an action brought by the plaintiff-wife to recover damages for personal injuries sustained through the negligent operation of an automobile by defendant Moe Feffer, and by the plaintiff-husband for loss of services and for medical expenses, judgment in so far as appealed from, dismissing the complaint against defendant John Hancock Mutual Life Insurance Company, unanimously affirmed, with costs. (*Dunne* v. *Contenti*, 256 App. Div. 833; *Braice* v. *Saunders*, 262 id. 968.) This case is distinguishable from *Burdo* v. *Metropolitan Life Ins. Co.* (254 App. Div. 26; affd., 279 N. Y. 648), where the employer exercised control over the movements of the agent, even to the extent of prescribing the route to be followed by him in calling upon its policyholders. Here the agent was free to choose his own method of performing his work. The territory he was required to cover was of greater extent than in the *Dunne* and *Braice* cases (*supra*), but that fact did not invest the insurance company with control over the vehicle owned by his wife and operated by him. In the absence of any reservation by the insurance company of the right to control the vehicle, the agent, in operating it, was an independent contractor, and the rule of *respondeat superior* does not apply. (*Hexamer* v. *Webb*, 101 N. Y. 377, 383; *Haykl* v. *Drees*, 247 App. Div. 90; *Malloy* v. *Scott*, 248 id. 882.) Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

In the Matter of the Application of MORRIS KOPPELMAN and HERMAN HOFFER, Petitioners, Respondents, for an Injunction Order Pursuant to Sections 123 and 124 of the Alcoholic Beverage Control Law (Chapter 478 of the Laws of 1934), against SUNSET WINE Co., INC., Appellant, and HENRY E. BRUCKMAN and Others, Constituting the Liquor Authority of the State of New York, Respondents.— In a proceeding brought by petitioners, pursuant to sections 123 and 124 of the Alcoholic Beverage Control Law, to obtain an order permanently enjoining and restraining Sunset Wine Co., Inc., its officers, agents and employees " from selling wines at retail to any person not known to be a householder and/or from selling wines at retail without making delivery thereof at the homes of the purchasers," an order was duly made in effect granting to the petitioners the relief prayed for. From that order Sunset Wine Co., Inc., appeals. Order affirmed, with ten dollars costs and disbursements, payable by the Sunset Wine Co., Inc., to the petitioners. No opinion. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.