### (March 18, 1946.)

ALFRED BAUMAN, Respondent, v. HOWARD J. KRAUS, Appellant.— In an action to obtain the reconveyance of real property alleged to be fraudulently withheld, order denying defendant's motion to dismiss the complaint on the ground that the action is barred by the Statute of Limitations, affirmed, with $10 costs and disbursements. No opinion. Lewis, P. J., Johnston, Adel, Aldrich and Nolan, JJ., concur.

BEER-MEISEL LODGE NO. 8 INDEPENDENT ORDER BRITH ABRAHAM et al., Respondents, v. HARRY HERSCHBEIN et al., Defendants, and MAX HERSHBAIN, Sued Herein as Murray Herschbein, Appellant.— Order denying the appellant's motion to dismiss the complaint as to him for lack of prosecution, on condition that the plaintiffs notice the case for trial for the December, 1945 Term, reversed on the facts, with $10 costs and disbursements, and the motion granted, with $10 costs. Plaintiffs fail to show any valid reason for their unusual delay in prosecuting the action. Lewis, P. J., Hagarty, Carswell, Johnston and Nolan, JJ., concur.

KATIE COOPER, Appellant, v. HARRY RUBIN et al., Defendants, and LOUIS I. ROTHENBERG, Respondent.— In an action for an accounting and damages by reason of the alleged fraud of defendants in transferring plaintiff's property, order granting defendant Rothenberg's motion to vacate the note of issue for the June, 1945 Term, etc., and denying plaintiff's cross motion to resettle or amend the order of January 13, 1938, by providing that the dismissal of the complaint at that time be limited to a dismissal in favor of defendant Levine, the only moving party, modified by striking out the second, third and fourth ordering paragraphs and substituting in place thereof a single paragraph providing that the motion of defendant Louis I. Rothenberg be granted to the extent of dismissing the complaint as against that defendant on the ground of plaintiff's delay of ten years in placing the action on the calendar. As thus modified, the order is affirmed, without costs. The order of January 13, 1938, dismissed the complaint against the defendant Levine, and no other defendants. The respondent's motion herein should have been treated as one to dismiss for lack of diligence in prosecution. The papers on appeal present no reasonable excuse for the delay, nor do they controvert respondent's assertion of undue prejudice in the loss of evidence because of the delay. Lewis, P. J., Johnston, Adel, Aldrich and Nolan, JJ., concur.