MURPHY et al. v. UNITED STATES.
Civ. No. 5591.

United States District Court
W. D. New York.
July 31, 1953.

Richard R. Wozniak, North Tonawanda, N. Y., for plaintiffs.

John O. Henderson, U. S. Atty., Buffalo, N. Y. and (James R. Privitera, Asst. U. S. Atty., Buffalo, N. Y., of counsel), for defendant.

KNIGHT, Chief Judge.

Defendant has moved on the complaint, answer, and affidavits of James R. Privitera, Glen E. Bagshaw, James G. Tyler and George L. Parnell, each verified on the 17th day of July, 1953, and the deposition of Glen E. Bagshaw taken on the 23d day of April, 1953, for an order dismissing the complaint.

The facts in this lawsuit are not very much in dispute, except the defendant contends that the government was not liable for the acts of Bagshaw at the time of the accident.

Plaintiffs have sued to recover under the Federal Tort Claims Act, 28 U.S.C. §§ 2674, 1346(b), 2671. Glen E. Bagshaw was a staff sergeant assigned to duty at Camp Bell located near Niagara Falls, New York. The camp did not provide living quarters on the post. Bagshaw obtained quarters at the Y.M.C.A. in the city of Niagara Falls. For his transporation to and from the post, Bagshaw used his own automobile. About five o'clock in the afternoon of July 31, 1952, Bagshaw, accompanied by a fellow soldier, Corporal James G. Tyler, left the post in Bagshaw's automobile to go to the Y.M.C.A. Bagshaw was driving and when they reached the intersection of 81st street and Niagara Falls Boulevard, the automobile collided with the automobile owned and driven by Eugene Murphy, one of the plaintiffs. Personal injuries and property damages resulted to both automobiles and to their occupants. Bagshaw was in uniform at the time. He was subject to call by his superiors at any time during the day

346

or night, and, when absent from the post he would be sent for when needed.

On the argument counsel agreed that a question of law only existed for decision as to whether Bagshaw was operating his automobile for or in the business of the defendant within the meaning of the Tort Claims Act at the time of the accident.

First, because the accident occurred within the state of New York, it must be determined whether under the law of the State there would be liability on the part of the defendant even though defendant were an individual. See United States v. Campbell, 5 Cir., 172 F.2d 500; Brown v. Steamship Terminal Operating Co., 267 N.Y. 83, 195 N.E. 692; Murphey v. United States, 9 Cir., 179 F.2d 743; Matter of Marks' Dependents v. Gray, 251 N.Y. 90, 167 N.E. 181; Wyllie v. Palmer, 137 N.Y. 248, 257, 33 N.E. 381, 19 L.R.A. 285; United States v. Eleazer, 4 Cir., 177 F.2d 914, certiorari denied 339 U.S. 903, 70 S.Ct. 517, 94 L.Ed. 1333.

Under the Tort Claims Act the United States is liable only where the employee who causes the injury is acting within the scope of his office or employment. United States v. Eleazer, 4 Cir., 177 F.2d 914.

It would be an unusual stretch of the imagination to conclude that Bagshaw was performing any act within the scope of his employment at the time of the collision. He was riding in his own automobile because he chose to do so and for no other reason. If he had travelled from the post to his room by bus or taxicab would be no reason for imposing liability on the bus owner or taxicab owner for the negligence of the driver. Standard Oil Co. v. Parkinson, 8 Cir., 152 F. 681, 682; Restatement of Law of Agency, p. 539–540; Rutherford v. United States, D.C., 73 F.Supp. 867, affirmed 6 Cir., 168 F.2d 70; Burdo v. Metropolitan Life Ins. Co., 254 App.Div. 26, 4 N.Y.S.2d 819, affirmed 279 N.Y. 648, 18 N.E.2d 42.

In the circumstances the plaintiffs' complaint must be dismissed.

Plaintiffs' complaint is dismissed. Present order in accordance herewith.