Mario Pittoni, J.
This is a motion by the defendant to dismiss the plaintiff’s complaint pursuant to section 181 of the Civil Practice Act and rule 156 of the Rules of Civil Practice for the plaintiff’s failure to diligently prosecute this action, and for the plaintiff’s failure to serve and file a note of issue during a period of more than three years since issue was joined in this action. The accident herein occurred September 2, 1954, and issue was joined on January 11, 1957. Should a note of issue be filed at this time, this ease would not be reached in regular order until 58 months hence. This is because of the present calendar congestion in the Supreme Court of Nassau County.
The long affidavit by the plaintiff’s attorney states no sufficient reason for the delay and no sufficient reason for the lack of affidavit of merit by the plaintiff himself. The mere fact that the plaintiff is out of the State and at this moment cannot be contacted is insufficient. A lack of sufficient affidavit of merit requires a dismissal. (Moebus v. Paul Tishman Co., 5 A D 2d 786 [2d Dept.]; Birch v. Wolper, 1 A D 2d 1028 [2d Dept.].)
Therefore, under the circumstances a delay of more than three years after joinder of issue, during which time this case was not noticed for trial, with no reasonable excuse offered for the delay, requires dismissal of the action. (Farber v. Broadco Holding *113 Corp., 256 App. Div. 833 [2d Dept.]; Gellman v. Coulawtas, 253 App. Div. 910 [2d Dept.]; Rosenberg v. Pubnico Realty Corp., 258 App. Div. 1090; Beer-Neisel Lodge v. Herschbein, 270 App. Div. 847.)
The motion is granted.