■ In the Matter of SALBETH REALTY CORP., Appellant, v. FRANK M. VOLZ et al., Constituting the Board of Zoning Appeals of the Town of Babylon, Respondents.— In a proceeding under article 78 of the Civil Practice Act, to annul a determination by the Board of Zoning Appeals of the Town of Babylon, denying the application of the petitioner, a contract vendee, for a variance and a building permit for a plot lacking the prescribed minimum area and frontage, the petitioner appeals from an order of the Supreme Court, Suffolk County, dated August 31, 1961, which dismissed the proceeding on the merits and confirmed the board's determination. Order affirmed, without costs. No opinion. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ ALOYSIUS JENKUSKY, Appellant, v. GILBERT GROSSMAN, Respondent. — In a negligence action to recover damages for personal injuries, resulting from the collision of two motor vehicles at an intersection, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered March 29, 1961, after trial, upon a jury's verdict in favor of defendant. Judgment affirmed, without costs. No opinion. Beldock, P. J., Ughetta, Kleinfeld, Brennan and Rabin, JJ., concur.

■ MORRIS B. KRONISH, Respondent, v. SEAGATE GARAGE, INC., Appellant.— In a negligence action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Kings County, dated August 9, 1961, as *conditionally* granted its motion to dismiss the complaint for lack of prosecution; the condition being that "unless a note of issue is filed for the September 1961 Term of this Court," the motion is then granted. Order, insofar as appealed from, reversed with $10 costs and disbursements; the condition above quoted is struck out; and defendant's motion to dismiss the complaint is granted unconditionally, without prejudice however, to a prompt application by plaintiff at Special Term to vacate this unconditional dismissal; such application to be based on proper affidavits showing good cause for the abnormal delay in the prosecution of the action and showing factually its merits. Since no affidavit was presented on behalf of plaintiff at Special Term, establishing merit and a reasonable excuse for the delay, defendant's motion should have been granted unconditionally (*Farber* v. *Broadco Holding Corp.,* 256 App. Div. 833; *Gellman* v. *Coulawtas,* 253 App. Div. 910; *Fass* v. *Greenbaum,* 22 Misc 2d 112). However, in the special circumstances of this case, leave is granted to plaintiff, if so advised, to move expeditiously at Special Term, on proper papers, for the relief indicated. Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur.